ACCEPTED
01-14-00891-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/13/2015 1:49:21 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00891-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/13/2015 1:49:21 PM

CHRISTOPHER A. PRINE
~~Clerk~~

R and G TRANSPORTATION, INC. aka and dba R and G TRANSPORTATION
Appellant

v.

FLEETMATICS
Appellee

ON APPEAL FROM THE COUNTY COURT
LAW NO. THREE OF HARRIS COUNTY, TEXAS
TRIAL CAUSE NO.1042703 and 1042703-401

## APPELLEE'S REPLY TO APPELLANT'S BRIEF

**ANDREW B. TOTZ**
**TOTZ ELLISON & TOTZ, P.C.**
SBOT #24004958
2211 Norfolk, Suite 510
Houston, TX 77098
Phone: 713/275-0305
Fax: 713/275-0306

**ATTORNEYS FOR APPELLEE,**
**FLEETMATICS**

NO. 01-14-00891-CV

R and G TRANSPORTATION, INC. aka and dba R and G TRANSPORTATION

Appellant

v.

FLEETMATICS

Appellee

---

## IDENTITY OF PARTIES & COUNSEL

Appellee, Fleetmatics, represented by
Andrew B. Totz
Totz Ellison & Totz, P.C.
Texas Bar No. 24004958
2211 Norfolk, Suite 510
Houston, TX 77098
Phone: 713/275-0305
Fax: 713/275-0306


Appellant, R and G TRANSPORTATION, INC. aka and dba R and G TRANSPORTATION,
represented by
Derek H. Deyon
Texas Bar No. 24075862
2211 Norfolk, Suite 600
Houston, Texas 77098
Phone: 713/481-7420
Fax: 713/714-8670

i

NO. 01-14-00891-CV

R and G TRANSPORTATION, INC. aka and dba R and G TRANSPORTATION

Appellant

v.

FLEETMATICS

Appellee

## APPELLEE'S REPLY TO APPELLANT'S BRIEF

The appellee will be referred to as Appellee. Appellant, R and G Transportation, Inc. aka and dba R and G Transportation, will be referred to as Appellant.

### I.

This is a civil lawsuit based on a breach of contract. The court awarded the Appellee a default judgment in the principal amount of $16,468.00, plus pre-judgment interest, at eighteen and 00/100 percent (18.00%) per annum from January, 9, 2013 until paid, together with reasonable attorney's fees in the amount of $5,490.00. The court also awarded post judgment interest at the rate of five and 00/100 percent (5.00%) and costs of court. The judgment was signed on July 17, 2014. On March 30, 2015, the court granted an Application for Turnover and the appointment of a Receiver.

### II.

The Appellee used diligence to have the Appellant served. The Appellant's registered agent failed to pick up mail from the Secretary of State. The Appellant was timely notified about the

default judgment. **The Appellant filed a motion for new trial, but failed to set it for oral hearing and the Court did not sign the Order granting Appellant's Motion for New Trial.** The court properly granted the Appellee's Turnover motion and Appointment of a Receiver under Chapter 31.002 of the Civil Practices and Remedies Code. The court had jurisdiction to grant Appellee's Turnover motion and Appointment of a Receiver. The Appellee did not request that a Receiver be appointed under Chapter 64 of the Civil Practices and Remedies Code. The Appellee did not request a Rehabilitation Receivership. The Appellee did not request a Liquidation Receivership. The Appellant did not file a motion to transfer venue on Appellee's Application for Turnover and Appointment of a Receiver and thus waived its right to do so. The Appellant did not attach an affidavit to its response to Appellee's Application for Turnover and Appointment of a Receiver. The Appellant did not set or request a hearing on a motion to transfer the venue of Appellee's Application for Turnover and Appointment of a Receiver. The Appellant did not request a continuance of the Appellee's Application for Turnover and Appointment of a Receiver. The Appellee filed an Application for Turnover and Appointment of a Receiver under Chapter 31.002 of the Civil Practices and Remedies Code.

### III.

The Appellant filed a motion for new trial, but failed to set it for oral hearing and the Court has not signed the Order granting Appellant's Motion for New Trial. The Appellee argues that the Appellant should not be rewarded for its own negligence.

### PRAYER

The Appellee prays that its judgment and Turnover/Receivership orders will be affirmed.

3

Respectfully submitted,

**TOTZ ELLISON & TOTZ, P.C.**

By: _____

**ANDREW B. TOTZ**
SBOT #24004958
2211 Norfolk, Suite 510
Houston, TX 77098
Phone: 713/275-0305
Fax: 713/275-0306

**ATTORNEYS FOR APPELLEE,
FLEETMATICS**

4

## Certificate of Compliance

I hereby certify that this reply to Appellant's Brief was typed in Microsoft Word and contains 1,007 words in this brief is less than 14,000 words and therefore it complies with Texas Rules of Appellate Procedure.

_____
ANDREW B. TOTZ

**CERTIFICATE OF SERVICE**

I certify that a copy of the Appellee's Reply to Appellant's Brief on the merits was served on Appellant through his counsel of record, Derek H. Deyon, whose address is 2211 Norfolk, Suite 600, Houston, Texas 77098, whose phone number is 713/481-7420, by facsimile and/or e-file service on _____ day of August, 2015.

ANDREW B. TOTZ